## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | )   19-cr-10459-RWZ |
| MICHAEL CECCHETELLI, *et al.*, | ) |
| | ) |

## TEMPORARY PROTECTIVE ORDER

WHEREAS the Parties to this Action wish to enter into a Temporary Protective Order while the parties continue to litigate the terms of a subsequent protective order, the Court issues the following Temporary Protective Order governing discovery disclosures by the government. Nothing in this Order shall limit the ability of the parties to seek modifications of this Protective Order in the future.

a. All members of the Defense Team are bound by the terms of this Protective Order.[1]
b. The term "Discovery Materials" shall be given a broad interpretation and shall include any materials produced by the government pursuant to either the Federal Rules or the Local Rules, or any discovery otherwise produced on a voluntary basis.
c. The Defense Team shall maintain the Discovery Materials in accordance with this Order and they shall be used by the Defense Team solely and exclusively in connection with the litigation and trial of this case. Each defense counsel shall maintain a signed copy of this Order and the Agreement in his or her files, as well as a copy of each Agreement signed by each member of the Defense Team to whom defense counsel has provided or distributed Discovery Materials.
d. The Discovery Materials shall be accessed, reviewed and/or copied only by members of the Defense Team. Counsel for the respective defendants shall maintain a copy of this Order in their files. Defense counsel shall insure that all members of the defense team are apprised of the restrictions of this Order.
e. There shall be two categories of discovery, Unprotected and Protected. Protected discovery materials are subject to the terms of this Protective Order. Unprotected materials are not.

---

[1] For the purposes of this Order, the term "Defense Team" shall include attorneys of record, support staff, investigators and other individuals retained to participate in the defense. The Defense Team excludes anyone affiliated with a defendant in another unrelated case under an explicit or implicit joint defense agreement, unless authorized to do so by further order. This Order governs all discovery produced in this case from the date of this Order forward. This Temporary Order shall supersede the Court's prior Temporary Order [D. 587] and all counsel who have obtained discovery materials pursuant to that Order shall be governed by this Order.

f.  Protected discovery materials are typically those materials that may identify a cooperating witness, a non-law enforcement witness, or a crime victim in the case, such as police reports identifying names or addresses of civilian witnesses or victims.
g.  The Defense Team shall not provide or distribute any copies of any Protected Materials to defendants. The defendants in this case are permitted to review Protected Discovery Materials in the presence of a Defense Team member, subject to the terms of this Order.
h.  Attorneys of record shall be responsible for ensuring that any materials derivative of Protected Materials, such as still images from recordings and transcripts generated by the defense are given the same level of protection as the original productions of Protected Materials. Thus, for example, if a Defense Team creates a transcript of a recording provided in Protected Materials, the Defense Team shall handle the transcript consistent with the terms of the Protective Order.
i.  The Defense Team shall not provide or distribute Protected Materials to unindicted co-conspirators or their agents. Protected materials may be shown to any individual by a member of the Defense Team in connection with the preparation of the defense, but in no event shall copies be provided or distributed, nor shall a Defense Team member allow any individual shown Protected Materials to make copies of the materials. Nothing in this provision limits the ability of a Defense Team to petition the Court (via an ex parte motion or otherwise) for relief from this provision on the grounds that providing or distributing copies of Protected Materials with an unindicted co-conspirator is necessary for the preparation of a defense or otherwise in the interests of justice. If such relief is granted, unless otherwise ordered, unindicted co-conspirators and their agents with whom Protected Materials are provided or distributed shall be subject to the terms of this Protective Order and the attached Agreement. Similarly, nothing in this Order prevents the government from arguing that individual items of discovery should be protected.
j.  The government will provide to the various institutions in which the defendants are being detained discovery materials on a hard drive, thumb drive, or compact disc, as required by Local Rule 116(c)(1)(C) and (D) (i.e., audio/video and audio recordings), for review on an institution computer (or computer provided by the government). In addition, the government will provide the various institutions in which the defendants are being detained copies in "pdf" or other form, and on a hard drive, thumb drive, or compact disc, all documentary and other forms of Protected Materials provided to the Defense Team for review on an institution computer (or a computer provided by the government). Defendants are not permitted to print, disseminate, copy, or maintain Protected Materials provided to the various institutions. Defendants who are detained in the various institutions may, however, individually review Protected Materials on an institution computer (or government provided computer), outside the presence of any Defense Team member, subject to the rules and regulations of the various institutions.
k.  The discovery materials provided to incarcerated defendants pursuant to paragraph (j) shall be consistent with institutional rules. To the extent the government seeks to withhold materials on the basis that viewing the materials may be inconsistent with the rules of an institution, it shall notify the defense of the materials that have been withheld. The defense may petition the institution, and then the Court for relief.

l. Violation of this Protective Order shall be subject to sanction. Absent further Order of the Court, the terms of this Protective Order shall continue to be in effect and binding following the termination of the case.
m. As to discovery that is now available, to be produced, the government shall have sixty days to designate those materials as Protected or Unprotected. During this period, the government shall provide (as possible subject to the limitations of the ongoing public health emergency), on a bi-weekly rolling basis, all discovery that has been designated.
n. The government and CDA shall maintain and update a Bates numbered index of the government provided discovery in the case ("Index"), which shall clearly identify to which category any individual item of discovery belongs (Protected or Unprotected). The Index shall be updated weekly and the Index shall be incorporated into this Order. Counsel are required by the terms of this Order to consult the Index prior to treating any individual item of discovery as Unprotected material.
o. Any defendant or group of defendants may request that any Protected item of discovery be re-classified as an Unprotected item; if the government agrees, that item shall be reclassified on the Index, without need for further communication with the Court or counsel. In the event the government does not agree, that defendant may request a hearing.
p. The government may move to reclassify previously Unprotected material as Protected, and may provisionally reclassify such material as Protected in the Index, and inform the CDA, who shall also ensure that its records are updated. If the defense does not object, that item shall be reclassified on the Index, without need for further communication with the Court or counsel. If the defense objects the government may request a hearing.

So Ordered,

/s/ Marianne B. Bowler, USMJ
HON. MARIANNE B. BOWLER
United States Magistrate Judge

Dated: April 7, 2020

Appendix
Categories
<u>Protected Materials</u>

Civilian and cooperating witness statements, interviews, and debriefing reports, to include reports of identification procedures

State grand jury minutes of non-law enforcement witnesses

Federal grand jury minutes of non-law enforcement witnesses

<u>Unprotected Materials</u>

Administrative Subpoena Returns
Subpoena returns
Arrest reports
Search warrants
Search warrant returns
Search warrant affidavits
Search Warrant reports
Title III applications and affidavits
Pole camera video recordings
Surveillance video recordings
Lab Reports
Ballistics Reports
ALKQN Manifesto
ALKQN Constitution
YouTube Videos
Chain of custody documents.