

U.S. Department of Justice

*Rachael S. Rollins*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*          *John Joseph Moakley United States Courthouse*
                                          *1 Courthouse Way*
                                          *Suite 9200*
                                          *Boston, Massachusetts 02210*

August 3, 2022

Robert Peabody, Esq.
Husch Blackwell
One Beacon Street, Suite 1320
Boston, MA 02108

      Re:    United States v. Cecchetelli, et. al.
              Criminal No. 19-10459-RWZ
              Defendant, Shaun Harrison

Dear Attorney Peabody:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Shaun Harrison ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

    1.    Change of Plea

Defendant will plead guilty to count one of the Indictment: Count One, Conspiracy to Conduct Enterprise Affairs through a Pattern of Racketeering Activity, in violation of 18 U.S.C. § 1962(d). Defendant expressly and unequivocally admits that he committed the crime charged in Count One of the Indictment, did so knowingly and intentionally, and is in fact guilty of that offense.

    2.    Penalties

Defendant faces the following maximum penalties: Count One: incarceration for 20 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Indictment.

Defendant understands that, if he is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

    3.    Rule 11(c)(1)(C) Plea

1

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw his plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw his guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4. <u>Sentencing Guidelines</u>

The U.S. Attorney agrees, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 36:

(a) *Base Offense Level*

Pursuant to USSG § 2E1.1(a)(2), the base offense level is calculated according to the offense level applicable to the underlying racketeering activity. Pursuant to App. Note 1, each offense is treated as a separate count of conviction, with applicable Chapter Three adjustments.

The underlying offenses for Guidelines purposes are: (1) the Defendant's attempted murder of Victim 18 (Group One); and (2) Defendant's conspiracy to manufacture, distribute, and possess with intent to distribute marijuana (Group Two). These offenses are grouped separately pursuant to § 3D1.2.

(1) *Group One: Attempted Murder of Victim 18*

- Defendant's base offense level is 33, because the Defendant is responsible for an attempted murder, the object of which would have constituted first degree murder (USSG § 2A2.1(a)(1));

- Defendant's offense level is increased by 4, because the victim suffered life-threatening bodily injury (USSG § 2A2.1(b)(1)(A));

- Defendant's offense level is increased by 2, because the victim of the offense was vulnerable (USSG § 3A1.1(b)(1)); and

(2) *Group Two: Conspiracy to Manufacture, Distribute, And Possess with Intent to Distribute Marijuana*

- Defendant's base offense level is 19, because the base offense level for the criminal activity under the specific offense guideline is less

2

       than 19 (USSG § 2E1.1(a)(1));

- Defendant's offense level is increased by 2, because the Defendant abused a position of public or private trust in a manner that significantly facilitated the commission or concealment of the offense (USSG § 3B1.3); and

- Defendant's offense level is increased by 2, because the Defendant used or attempted to use a person less than eighteen years of age to commit the offense (USSG § 3B1.4);

*(b)   Grouping*

Pursuant to USSG § 3D1.4, each group is counted separately. Group One has an adjusted offense level of 39.  Group Two has an adjusted offense level of 23.  Group One counts as one Unit because it has the highest offense level.  Group Two does not score because it is 9 levels less serious than Group One. Defendant therefore is responsible for one Unit, which does not result in any additional levels to Group One.

Pursuant to the USSG grouping principles, and prior to any reduction for acceptance of responsibility, Defendant's Adjusted Offense Level is therefore 39.

*(c)   Acceptance of Responsibility*

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, the U.S. Attorney agrees to recommend that the Court reduce Defendant's Adjusted Offense Level by 3 levels under USSG § 3E1.1.

*(d)   Criminal History Category*

Based upon the information available to the government, the government anticipates the Defendant's Criminal History Category to be I.

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (himself or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime(s) to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.   Agreed Disposition

The parties agree on the following sentence:

   a) incarceration for 218 months;

   b) 36 months of supervised release;

   c) No fine given that the Defendant is not able, and is not likely to become able, to pay a fine;

   d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

   e) forfeiture as set forth in Paragraph 7.

The parties agree that the sentence being served by the Defendant related to Suffolk Superior Court Docket No. 1584CR10325 represents relevant conduct for the instant offense and Indictment to which the Defendant is pleading guilty, and this criminal activity is incorporated into the Guidelines calculation for Group One set forth above in paragraph 3.

The parties agree that subsection (a) of USSG §5G1.3 (Imposition of a Sentence on a Defendant Subject to Undischarged Term of Imprisonment or Anticipated Term of Imprisonment) does not apply, and that, pursuant to USSG § 5G1.3(b)(1), the Court shall adjust the sentence in this case for the period of time already served. The parties agree that the Defendant entered state custody on March 4, 2015, which is the date of his arrest in relation to the case indicted and prosecuted as Suffolk Superior Court Docket No. 1584CR10325, and that is the effective date of this sentence.

The parties further agree, pursuant to USSG § 5G1.3(b)(2), that the sentence in this case shall be ordered to run concurrently to the remainder of the sentence in Suffolk Superior Court Docket No. 1584CR10325.

The parties further agree that the sentence in this case shall be ordered to commence immediately.

6.   Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence.  Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and

that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) He will not challenge his <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of the sentence agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

7. <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

8. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

9. <u>Breach of Plea Agreement</u>

Defendant understands that if he breaches any provision of this Agreement, violates any

5

condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw his guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if he breaches any provision of this Agreement or engages in any of the aforementioned conduct, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*   \*   \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Philip A. Mallard.

Sincerely,

RACHAEL S. ROLLINS
United States Attorney

By:   */s Timothy E. Moran*
Timothy E. Moran
Chief, Organized Crime Gang Unit
Michael Crowley
Deputy Chief, Organized Crime Gang Unit

*/s Philip A. Mallard*
Philip A. Mallard
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

_____
Shaun Harrison
Defendant

Date: 8-5-22

I certify that Shaun Harrison has read this Agreement and that we have discussed what it means. I believe Shaun Harrison understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Robert Peabody, Esq.
Attorney for Defendant

Date: 8/5/22